IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

vs.                          No. 6:24-CV-150-RAW-DES

(1)   CHIGGERS BAR, LLC;
(2)   RANDALL DOLLAR;
(3)   GANDY SHANE FARLEY;
(4)   SCOTT GENTRY AND
      KRISTEE GENTRY AS
      GUARDIANS OF JOSH GENTRY

    Defendants.

## DEFENDANTS' (GENTRY) ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGEMENT

Comes now the Defendants, Scott Gentry and Kristee Gentry as Guardians of Josh Gentry and for their Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgement, hereby state as follows:

### NATURE OF THE CLAIM

1. The allegations of paragraph (1) of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Defendants Gentry admit that the Complaint purports to arise from an alleged dispute over insurance coverage under an insurance policy issued by the Plaintiffs to Defendant Chiggers Bar, LLC with respect to claims made by Defendants Gentry in CJ-2022-61, McCurtain County District Court.

2. The allegations of paragraph (2) of the Complaint call for a legal conclusion and therefore no response is required. To the extent that a response is required Defendants

1

Gentry states that they are without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph and allegations are denied.

## PARTIES

3. As to paragraph (3) Defendants Gentry are without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

4. As to paragraph (4) Defendants Gentry admit the allegations.

5. As to paragraph (5) Defendants Gentry admit the allegations.

6. As to paragraph (6) Defendants Gentry admit the allegations.

7. As to paragraph (7) Defendants Gentry admit the allegations.

8. As to paragraph (8) Defendants Gentry admit the allegations.

## JURISDICTION AND VENUE

9. The allegations of paragraph (9) of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, Defendants Gentry admit that in CJ-2022-61 the Plaintiffs are seeking compensation in excess of $75,000.00. Further, the injuries suffered by the ward in CJ-2022-61 include permanent brain damage, permanent partial loss of use of limbs, permanent cognitive function injury, past medical expenses and future medical and care expenses and lost earnings and lost earnings capacity estimated to be in excess of ten million dollars ($10,000,000.00). Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. The allegations of paragraph (10) of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required Defendant Gentry

denies that they reside in the Eastern District. Defendants admit that a substantial part of the events or omissions giving rise to the issues occurred within the Eastern District. Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. As to paragraph (11) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry. The Petition is a document that speaks for itself. Defendants deny any characterization of the Petition that is inconsistent with its express allegations. The allegation that the Petition alleges that Defendant Farley attacked Joshua Gentry is denied and inaccurate. The Petition contains many allegations, including allegations that the Defendants Farley and Dollar's conduct amounted to intentional inflictions of emotional distress, negligence and gross negligence.

12. As to paragraph (12) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry. The Petition is a document that speaks for itself. Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

13. As to paragraph (13) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry. The Petition is a document that speaks for itself. Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

14. As to paragraph (14) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

15. As to paragraph (15) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

16. As to paragraph (16) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

17. As to paragraph (17) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

18. As to paragraph (18) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their

son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

19. As to paragraph (19) including subparts (a), (b), (c), (d) and (e) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

20. As to paragraph (20) the Gentry Defendants admit that they caused to be filed a Petition in CJ-2022-61 in McCurtain County seeking compensation for damages suffered by their son and adult ward Joshua Gentry.  The Petition is a document that speaks for itself.  Defendants deny any characterization of the Petition that is inconsistent with its express allegations.

21. As to paragraph (21) Defendants Gentry are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### THE POLICY

22.  As to paragraph (22) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute.  Defendants further state that the policy is a document that speaks for itself.  Defendants deny any characterization of the policy that is inconsistent with its express terms.

23. As to paragraph (23) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute.  Defendants further state that the policy is a

document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

24. As to paragraph (24) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

25. As to paragraph (25) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

26. As to paragraph (26) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

27. As to paragraph (27) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

28. As to paragraph (28) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

29. As to paragraph (29) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

30. As to paragraph (30) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

31. As to paragraph (31) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

32. As to paragraph (32) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

33. As to paragraph (33) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a document that speaks for itself. Defendants deny any characterization of the policy that is inconsistent with its express terms.

34. As to paragraph (34) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute. Defendants further state that the policy is a

document that speaks for itself.  Defendants deny any characterization of the policy that is inconsistent with its express terms.

35. As to paragraph (35) the Gentry Defendants admit that Exhibit 2 is a document that purports to be the insurance policy in dispute.  Defendants further state that the policy is a document that speaks for itself.  Defendants deny any characterization of the policy that is inconsistent with its express terms.

36. Paragraph (36) calls for a legal conclusion and no response is required.  In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

37. Paragraph (37) calls for a legal conclusion and no response is required.  In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

## COUNT I-DECLARATORY RELIEF

38. As to paragraph (38) Defendants Gentry adopt and incorporate by reference the responses set forth in the preceding paragraphs as though completely and fully set forth herein.

39. As to paragraph (39) Defendants Gentry admit the same.

40. Paragraph (40) calls for a legal conclusion and no response is required.  In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations.

8

41. Paragraph (41) calls for a legal conclusion and no response is required. In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

42. Paragraph (42) calls for a legal conclusion and no response is required. In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

43. Paragraph (43) includes information regarding confidential settlement negotiations between the parties and the Defendants Gentry object to the allegation. In as much as a response is required, the same is admitted.

44. Paragraph (44) includes information regarding confidential settlement negotiations between the parties and the Defendants Gentry object to the allegation. In as much as a response is required, the same is admitted.

45. As to Paragraph (45), Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations.

46. As to Paragraph (46), Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations.

47. Paragraph (47) calls for a legal conclusion and no response is required. In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

48. Paragraph (48) calls for a legal conclusion and no response is required.  In as much as a response is required the Defendants Gentry are without knowledge of sufficient information and are unable to form a belief as to the truth of the allegations and the same are denied.

49. Defendants Gentry deny that the Plaintiff is entitled to the requested relief as stated in the "WHEREFORE" paragraphs of the Complaint.

WHEREFORE, Defendants Gentry pray that this Court deny the claims for Declaratory Relief, grant judgement to the Defendants and any other relief deemed appropriate by this Court.

### **AFFIRMATIVE DEFENSES**

Defendants Gentry assert the following affirmative defenses that may preclude Plaintiff's right to Declaratory Relief against Gentry.  In asserting these Affirmative Defenses, Defendants are not assuming any burden of proof or persuasion that would otherwise remain with Plaintiff or other parties.  Defendants reserve the right to amend, supplement and revise their Answer and Affirmative Defenses, and/or amend or bring additional counterclaims or cross-claims as may be determined or necessary by further investigation and discovery or in accordance with the Court's scheduling orders.

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.
2. Plaintiff's claim for relief against Defendants is barred in whole or in part by the terms, exclusions, conditions, endorsements, and limitations set forth in the policy at issue and/or its renewal and/or endorsements or amendments.
3. The Policy should operate to protect one or more of the Defendants.

4. There are no exclusions listed in the Policy which operate to deny coverage for the losses sustained by the Defendants.

5. The Policy is illusory. Any requirement to report all activities with narrow specificity or expect the same to be subject to exclusion creates an illusion of coverage and such a restriction to the contract should be void.

6. Exclusions must be clearly listed in the Policy with clarity or such exclusion should be void.

7. The Policy is ambiguous and any ambiguity found should be construed against Plaintiff and in favor of providing coverage to the Underlying Defendants for Answering Defendant's loss.

8. Waiver.

9. Estoppel.

10. Reformation.

11. Plaintiff has failed to perform all of its obligations under the Policy at issue.

12. Such other and further defense(s) as revealed through discovery.

13. The Policy is ambiguous and any ambiguity found should be construed against Plaintiff and in favor of providing coverage to their insured, Chiggers Bar, LLC, Randall Dollar and Gandy Farley and to compensate the Gentry Defendants for their losses. Further, the alleged Exclusions relied upon by Plaintiff are invalid.

14. The Policy is against public policy and should be construed against Plaintiff and in favor of providing coverage to the Defendants Chiggers Bar, LLC, Randall Dollar and Gandy Farley and to compensate the Gentry Defendants for their losses.

15. Plaintiffs' coverage denial is in violation of the doctrine of reasonable expectations.

16. Alternatively, even if the Policy does not cover assault and battery related claims, the Policy, by its terms, covers certain other alternative claims made by the Gentry Defendants including negligence, gross negligence, intentional infliction of emotional distress, failure to train, supervise and/or educate employees, negligent hiring, negligent retention, vicariously liability and others for which a jury may render a verdict in favor of the Gentry Defendants and against the Plaintiff's insureds in CJ-2022-61.

WHEREFORE, Defendant Gentry prays that this Court deny the Plaintiff's Complaint for Declaratory Judgement, enter a judgement in favor of Defendants Gentry and for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

s/Jeremy Beaver_____
Jeremy Beaver, OBA #18645
Gotcher & Beaver Law Firm
PO Box 160
McAlester, Ok 74502
918-423-0412
jeremy@gotcher-beaver.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF systems:

John H. Sparks, OBA#15661

Odom & Sparks, PLLC
2500 McGee Drive, Ste 140
Norman, Oklahoma 73072
sparksj@odomsparks.com

Jay R. Sever (*pro hac vice forthcoming*)
Phelps Dunbar LLP
365 Canal Street, Ste 2000
New Orleans, LA  70130
Jay.sever@phelps.com

Kenneth W. Boyles, Jr. (*pro hac vie forthcoming*)
Phelps Dunbar LLP
2025 3rd Avenue North, Ste 1000
Birmingham, AL 35203
Kenneth.boyles@phelps.com

                            S/Jeremy Beaver_____
                            JEREMY BEAVER